EVERETT FINANCIAL, INC., D/B/A §
SUPREME LENDING, §
§
   Plaintiff, §
§
v. §   CIVIL ACTION NO. 3:19-CV-1563-B
§
JOHN E. KOCHER, §
§
   Defendant. §

## MEMORANDUM OPINION AND ORDER

This is an order concerning a motion to remand the case to state court. The Court concludes that Defendant improperly removed the case based on the same grounds as its first removal. Therefore, the Court hereby **GRANTS** the motion to remand (Doc. 4) and orders the case to be remanded to the 298th District Court of Dallas County, Texas. The Court, however, **DENIES** Plaintiff's motion for attorney's fees (Doc. 4).

## I.

## FACTUAL BACKGROUND

This is the second time this action has been removed based on diversity jurisdiction. Doc. 4, Pl.'s Mot. To Remand and Br. in Supp. ("Pl.'s Br."), 3. Both times, the Defendant, John E. Kocher, has alleged that the amount-in-controversy exceeds $75,000, on the basis that the Plaintiff, Everett Financial, Inc. d/b/a Supreme Lending, is seeking attorney's fees over $75,000 and is attempting to recover those fees. *Id.* In the first action, Judge Godbey ordered the case be remanded, concluding that this claim "[fell] well short of the 'summary judgment type evidence' required to establish that

the amount-in-controversy is satisfied." Doc. 5, App. in Supp. of Remand, 102–03 ("App.").

Following the remand, Defendant posed an interrogatory to Plaintiff regarding attorney's fees incurred, and Plaintiff responded that it "incurred approximately $125,000 in attorneys' fees and $5,000 in costs of court." Doc. 4, Pl.'s Br., 3. This interrogatory was answered on May 29, 2019. Doc. 5, App., 105. Based on this new evidence, Defendant again removed the case, this time on June 27, 2019. Doc. 4, Pl.'s Br., 3. As the case was removed within thirty days of obtaining the information that would be the basis for federal court jurisdiction, removal here ordinarily would have been be timely. *See* 28 U.S.C. § 1441(a). Plaintiff does not dispute that the requirements for diversity of citizenship have been satisfied. Doc. 4, Pl.'s Br., 6.

Nevertheless, Plaintiff filed a motion to remand (Doc. 4), on three grounds. First, Plaintiff argues that permitting Defendant to rely solely on attorney's fees to establish the amount-in-controversy contravenes the policies underlying removal. *Id.* at 6. Second, Plaintiff argues that because Defendant has already sought removal on the same grounds (that the attorney's fees met the amount-in-controversy requirement), Defendant is barred from removing on that same basis again. *Id.* at 8. Third, the interrogatory does not provide sufficient evidence that Plaintiff will seek more than $75,000 in attorneys fees, and thus Defendant has not satisfied the amount-in-controversy requirement. *Id.* at 10. Plaintiff also asks for attorney's fees associated with the alleged improper removal. *Id.*

Plaintiff filed its motion on July 25, 2019 (Doc. 4), and Defendant filed its response on August 22, 2019 (Doc. 8). More than fourteen days have passed since Defendant has filed its response, and Plaintiff has not filed a reply. The motion is now ripe.

## II.

## LEGAL BACKGROUND

"'Federal courts are courts of limited jurisdiction.'" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.,* 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001)). Thus, courts "'must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.'" *Id.*

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action that falls within the original jurisdiction of the district courts. District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

To timely remove a case, a defendant must file a notice of removal within thirty days after the receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). But if a case is not removable based on the initial pleading, a defendant may remove a case within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Therefore, even if a removed case has already been remanded, "it is possible that 'an amended pleading, motion, order or other paper' may render the case removable anew under 28 U.S.C. § 1446(b)." *Kindred Hosps. Ltd. P'ship v. Aetna Life Ins. Co.,* 2018 WL 4215118, at *3 (N.D. Tex. Sept. 5, 2018) (Fitzwater, J.) (citation omitted). The Fifth Circuit has clarified that a defendant may "'seek subsequent removals after remand' so long as the second removal is not sought 'on the same ground.'" *Id.* (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996)). "'Removal 'on the same ground' does not prohibit removal

based on the same theory of federal jurisdiction (i.e., federal question or diversity jurisdiction), but it forecloses removal absent 'a different set of facts establishing a new ground for removal.'" *Kindred Hosps.*, 2018 WL 4215118, at *3 (citing *S.W.S. Erectors*, 72 F.3d at 492–94).

In addition, motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand." *Coffman v. Dole Fresh Fruit* Co., 927 F. Supp. 2d 427, 430–31 (E.D. Tex. 2013) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) and *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)). Such orders are "not reviewable on appeal or otherwise." § 1447(d).

## III.

## ANALYSIS

A.  *Does the Interrogatory* Provides a New Ground for Removal?

At issue is whether the interrogatory, which stated that Plaintiff had incurred more than $75,000 in attorney's fees, Doc. 5, App. 105, is an "other paper" that formed a new ground for removal, as allowed by the Fifth Circuit in *S.W.S. Erectors. See* 72 F.3d at 494. The Court concludes that the interrogatory does not form new facts that establish a new ground for removal. *See Kindred Hosps.*, 2018 WL 4215118, at *3 (citation omitted). Therefore, Defendant cannot seek removal on this basis a second time. The case must be remanded to state court.

Defendant believes that *S.W.S. Erectors* allows "a second removal on the same grounds under section 1446(b) if the subsequent removal petition alleges a different factual basis for the removal."

Doc. 8, Def.'s Resp. in Opp. to Pl.'s Mot. to Remand and Supp. Br. ("Def.'s Resp."), 4. Defendant argues that Plaintiff's answer to the interrogatory was an "other paper" that provided Defendant with "newly acquired facts" upon which the case could be removed. *Id.* Therefore, Defendant believes its second removal "is not prohibited as a successive removal." *Id.*

Plaintiff, however, believes *S.W.S. Erectors* establishes that, "although defendants may file second or successive removals, they may not do so based on the same grounds as any prior removal in the same case." Doc. 4, Pl.'s Resp., at 4. Because this attempt at removal is based on "*precisely the same grounds*" as the first removal, even with new facts supporting the same grounds, Plaintiff believes Defendant's removal is prohibited and requires a remand to state court. *Id.* at 9–10 (emphasis in original).

Plaintiff is correct. It is not enough to have new facts supporting removal; these new facts must provide a *new* ground for removal. *See Kindred Hosps.*, 2018 WL 4215118, at *3. "[A] defendant is precluded only from seeking a second removal *on the same ground*." *S.W.S Erectors*, 72 F.3d at 492 (emphasis in original).

In *S.W.S. Erectors*, the Fifth Circuit cited two cases in support of its conclusion. It first cited *O'Bryan v. Chandler*, 496 F.2d 403 (10th Cir. 1974). In that case, the Tenth Circuit explained that "'different grounds more precisely mean a different set of facts that state a new ground for removal.'" *S.W.S. Erectors*, 72 F.3d at 493 (quoting *O'Bryan*, 496 F.2d at 410). The Fifth Circuit also relied on the District of Connecticut's explanation in *One Sylvan Road North Associates v. Lark International, Ltd.*, that "'[a] defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal*.'"

*S.W.S. Erectors*, 72 F.3d at 493 (quoting *One Sylvan Road N. Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995) (emphasis in *S.W.S. Erectors*).

In *One Sylvan Road*, the district court's first remand order found that the amount-in-controversy requirement was not met because "only possession of the premises was at issue." 889 F. Supp. at 62. As the Fifth Circuit in *S.W.S. Erectors* put it, the second petition for removal in *One Sylvan Road* was eventually filed, with new evidence "that the plaintiff actually was seeking damages in excess of" the amount-in-controversy requirement. *S.W.S. Erectors*, 72 F.3d at 493. The new evidence did not "present[] a different set of facts establishing a new ground for removal," and therefore the defendant could not seek removal on that basis a second time. *Id.* The evidence, instead, related to the prior ground for removal, which the district court had already found did not satisfy the amount-in-controversy requirement.

The *S.W.S. Erectors* court then applied these rules to its case, and found that a successive removal petition was not barred. 72 F.3d at 493. The first removal petition in *S.W.S. Erectors* was based on the defendant's own affidavit that the amount-in-controversy requirement was satisfied. *Id.* at 494. The second removal petition was based on "newly acquired facts" from the plaintiff's deposition that demonstrated that the amount-in-controversy requirement was met. *Id.* Thus, "[t]he deposition constitute[d] a new paper or event that changed the facts regarding the removableness of the case." *Id.* For this reason, the Fifth Circuit held "that [the defendant's] second petition for removal alleged a different factual ground for removal and was proper under section 1446(b)." *Id.*

Here, it might seem as though the interrogatory "constitutes a new paper or event that changed the facts regarding the removableness of the case," as it provides the Court with new information possibly sufficient to demonstrate that the amount-in-controversy requirement was

satisfied. See *id.* However, this is not the case. In *S.W.S. Erectors*, the facts concerning the amount-in-controversy requirement had changed from the amount of damages asserted in one affidavit, to a different amount of damages asserted in a deposition transcript. See *id.* at 491–92, 494.

Here, on the other hand, the asserted factual basis for federal court jurisdiction remain the same: that attorney's fees exceeded the amount-in-controversy requirement. The only difference between the two removals was the *evidence* supporting that *same factual basis*. The case here, then, is similar to *One Sylvan Road*, where new evidence that called into question the conclusion of the first remand order did not "present[] a different set of facts establishing a new ground for removal." *S.W.S. Erectors*, 72 F.3d at 493 (citing *One Sylvan Rd.*, 889 F. Supp. at 64–65). This is especially true here, where Defendant acknowledges that the amount of attorney's fees has not changed since the first remand order. Doc. 5, Def.'s Mot., 5. The interrogatory in question could have been sought by Defendant before the first removal petition and did not "change[] the facts regarding the removableness of the case." *S.W.S. Erectors*, 72 F.3d at 494. In other words, the only difference between the first removal petition and the second is the evidence Defendant is using, which is for the *same* ground for removal. *See Tierney v. UNUM Life Ins. Co. of Am.*, 2001 WL 1172182, at *2 (N.D. Tex. Sept. 28, 2001) (Fish, J.) (concluding that a second removal was improper when "[t]he information UNUM [the defendant] claims to have 'unearthed' at its deposition of Tierney . . . did not provide a new factual basis as contemplated in *S.W.S.*, but rather supported the same facts UNUM had in its possession at the time of the first removal"); *see also Kindred Hosps.*, 2018 WL 4215118, at *4 ("[E]ven where deposition testimony or discovery responses have been deemed adequate to warrant removal [a second time], they do more than supply evidentiary support for the

conclusion that the first remand was incorrect."). Defendant therefore has not asserted a different ground or reason for removal.

Additionally, "the second paragraph of section 1446(b) must be read in harmony with 28 U.S.C. § 1447(d), which provides that a remand order 'is not reviewable on appeal or otherwise.'" *Nicholson v. Nat'l Accounts, Inc.*, 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000). Allowing Defendant to submit new evidence that it could have obtained before the first removal "is nothing more than a creative attempt to have the court reconsider [the] prior remand order." *Id.* at 1272.[1]

Moreover, remanding this case is consistent with the Fifth Circuit policy of strictly construing removal statutes "against removal and for remand." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). In *Bosky*, the Fifth Circuit interpreted § 1446(b) as requiring the thirty-day clock for removal to begin only after the defendants seeking removal have become "unequivocally clear and certain" of their bases for removal. *Id.* Such a rule, the court explained, "ought to reduce removals . . . . This supposes that a defendant will be less likely to act on more equivocal information provided in 'an amended pleading, motion, order or other paper' because such a 'protective' removal is no longer necessary to avoid the risk of losing his right to removal by the lapse of time." *Id.* at 212. If this Court were to allow Defendant to remove multiple times, on the same basis, while continuously seeking more evidence for that basis that it could have obtained prior to the first removal, this Court would be encouraging the "protective removal" of which the Fifth Circuit has disapproved. *See id.* at 211. The Court would, in effect, be undermining the policy and rule set out by the Fifth Circuit in *Bosky*.

---

[1]Defendant acknowledges that nothing in regards to attorney's fees has changed since the first remand order. Doc. 5, Def.'s Mot., 5.

Therefore, this Court holds that Defendant improperly removed this case a second time, and thus this case should be remanded to the 298th District Court of Dallas County, Texas.

B.      *Is the Plaintiff Entitled to Attorney's Fees and Costs Resulting from the Improper Remand?*

Next, Plaintiff requests the Court to order Defendant to pay the costs, expenses, and attorneys' fees Plaintiff incurred due to the improper removal. "Absent unusual circumstances, however, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Nexbank, SSB v. BAC Home Loan Servicing, LP*, 2011 WL 5182118, at *9 (N.D. Tex. Oct. 28, 2011). The Court must consider "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," as well as ensure that any decision it makes does not "undermin[e] Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

The Court does not want to encourage inefficiency, which would occur here if Defendant is allowed a second removal on the same basis. However, although courts might be skeptical about the amount-in-controversy being satisfied by attorney's fees, Plaintiff has conceded that attorney's fees may, at times, be a proper basis for removal. Doc. 4, Pl.'s Br., 7. The issue with Defendant's first removal was only the sufficiency of the evidence, and not with whether attorney's fees can ever be a basis for removal. *Cf. Kindred Hosps.*, 2018 WL 4215118, at *5 (awarding attorney's fees after rejecting the same preemption argument twice in two separate removal orders, even with different evidence). Unlike *Kindred Hospitals*, Defendant here based its second removal on an incorrect, yet not unreasonable, interpretation of controlling case law.

Therefore, the motion for attorney's fees is denied.

## IV.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion to Remand (Doc. 4) and **ORDERS** the case to be remanded to the 298th Judicial District of Dallas County, Texas. The Court **DENIES** the request for attorney's fees and costs associated with the motion and improper removal (Doc. 4). The Court need not discuss Plaintiff's alternative arguments.

SO ORDERED.

SIGNED: September 20, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE